IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DAVIS,

    Petitioner,                   No. CIV S-04-0236 GEB KJM P

    vs.

J. SILVA, Warden,

    Respondent.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges the results of a rules violation hearing on the grounds that prison authorities refused his request to call witnesses and failed to appoint him a staff assistant. Petition (Pet.) at 2-3. Respondent has brought a motion to dismiss, arguing that petitioner has failed to exhaust his state remedies.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir 1986). The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. This "fair

1

1  presentation" requirement is met where the petitioner has described the operative facts and legal
2  theory on which his claim is based. Picard, 404 U.S. at 277-78. Without factual development,
3  the state courts have been denied the "opportunity to consider the federal constitutional
4  implications of alleged facts . . . of which it was unaware." Kelly v. Small, 315 F.3d 1063, 1069
5  (9th Cir. 2002) cert. denied, 538 U.S. 1042 (2003).
6       Respondent has provided a copy of the habeas petition petitioner filed in the
7  California Supreme Court, which is identified by the number S0107336. Petitioner alleges:

> Petitioner was denied his due process rights under Wolff v.
> McDonnell, [1974] 418 U.S. 539 Penal Code section 2932
> subdivision [A][3] and Title 15, Cal. Admin. Code section 3315
> [E] to have witness.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> On or about 01-23-02 notice was received that the above petitioner
> violation of section 4501.5 of the Penal Code was accepted by the
> District Attorney Office in case no. SF 08-3924A. In the Superior
> Court of California County of San Joaquin . . . and then on the
> following date. 03-06-02 that case was dismissed interest of
> justice by the DA office. The petitioner filed a great white writ of
> habeas corpus. On February 13, 2002 in case no. SF083969A see
> all exhibits that was given to the court on the following date May
> 31, 2002 Supreme Court of California and exhibits. Also see
> California Rules of Court and Title 15, Cal. Admin. Code section
> 3315[D] and 3318 [B] and the due process clauses of state and
> federal constitutions.

18  Motion To Dismiss (MTD), Ex. E (State Pet. at 3). In other words, the state petition does not
19  state that it challenges the conduct or result of petitioner's disciplinary hearing. In the instant
20  proceeding, in contrast, petitioner claims he was denied the services of a staff assistant and the
21  right to present witnesses at the disciplinary hearing. Because these factual claims were not
22  presented to the California Supreme Court, the issue before this court has not been exhausted.
23  Further, there is no allegation that state court remedies are no longer available to petitioner.
24  Accordingly, the petition should be dismissed without prejudice.[1]

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one

1 IT IS HEREBY RECOMMENDED that respondent's motion to dismiss for
2 failure to exhaust be granted.

3 These findings and recommendations will be submitted to the United States
4 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
5 twenty days after being served with these findings and recommendations, petitioner may file
6 written objections with the court.  The document should be captioned "Objections to Findings
7 and Recommendations."  Petitioner is advised that failure to file objections within the specified
8 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9 (9th Cir. 1991).

10 DATED:  June 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2:davi0236.157

---

year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).