IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DAVIS,

    Petitioner,                                    No. CIV S-04-0236 GEB CHS P

    vs.

J. SILVA,

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

                                /

I.  INTRODUCTION

        Petitioner Davis is a state prisoner proceeding by and through counsel with an amended petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254.  Petitioner challenges the results of a 2002 prison disciplinary proceeding for which he incurred a loss of statutory good time credits.  Respondent filed a motion to dismiss asserting that petitioner failed to exhaust his state remedies.  On August 19, 2005, the motion to dismiss was granted.  Petitioner appealed to the United States Court of Appeals for the Ninth Circuit.  On January 2, 2008, the case was reversed and remanded.

        The amended petition and respondent's answer are before the court for decision.  Based on a thorough review of the record and applicable law, it is recommended that the petition be denied.

## II.  BACKGROUND

On January 2, 2002, Correctional Lieutenant J. Maykel wrote a Rules Violation Report ("RVR") charging petitioner with assault/battery on a staff member for an incident described in the report as follows:

> On Wednesday, January 2, 200[2], at approximately 0650 hours, Deuel Vocational Institution experienced a Battery on a Non prisoner in the kitchen area of the Main Culinary.  While supervising food preparation in the kitchen area, Supervising Cook I, J. Carrasco, observed Inmate Davis, E-00293, Y-196, cooking food on the grill.  Since Davis is assigned to cart maintenance, SCI Carrasco ordered Davis to remove the food from the grill.  Davis refused and SCI Carrasco then stepped forward to remove the food off the grill.  Davis stepped back from the grill and struck the edge of a six (6) inch hotel pan located on a nearby table, causing it to flip forwards towards SCI Carrasco striking him on the left hand and splashing oil on his shirt.  SCI Carrasco then contacted Correctional Officer M. Carillo and Davis was escorted from the Culinary without further incident.  Inmate Davis was evaluated by Medical Staff and was found to have sustained no injuries of this incident.  SCI Carrasco was treated for swelling to the top of his left hand and was cleared to return to full duty...

(State of California Department of Corrections Crime/Incident Report, by J. Maykel, Correctional Lieutenant, 01/02/02.)

A disciplinary hearing was held on January 24, 2002.  Petitioner was found guilty of a violation of CCR 3005(c), Battery on a Non prisoner, and assessed a penalty of 150 days loss of statutory good time credits.  *See* Cal. Penal Code §§ 2931, 2932.  On February 19, 2002, petitioner was served with a copy of the CDC 115 (disciplinary report) notifying him of the outcome of this proceeding.

Petitioner challenged the outcome of the disciplinary proceeding in a petition for writ of habeas corpus to the San Joaquin Superior Court.  In a brief written decision filed on April 3, 2002, the superior court denied petitioner's claims for these reasons: (1) petitioner failed to demonstrate exhaustion of administrative remedies; and (2) petitioner failed to allege sufficient facts to establish a prima facie case for relief.  Petitioner also sought relief in the California Supreme Court, where his claims were likewise denied, but without written decision.

### III. ISSUE FOR REVIEW

In two separate claims, petitioner challenges the results of the disciplinary proceeding. Specifically, he complains (1) he was denied his right to call an inmate witness; and (2) the prison failed to appoint a staff assistant or lawyer to assist him. Since both of these claims challenge the procedural process that petitioner was due in connection with the January 24, 2002 disciplinary hearing, they will be addressed together herein as a single ground for relief.

### IV. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001). In determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred, this court looks to the last reasoned state court decision. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003).

V. DISCUSSION

A. Procedural Default

As previously set forth, one of the grounds on which the San Joaquin County Superior Court denied petitioner's state habeas corpus petition was that he made no showing that he exhausted his administrative remedies before filing suit. Respondent asserts that petitioner's claims are thus procedurally barred in this court.

As a general rule, a federal habeas court "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state ground is independent if it does not rest on federal law and is not "interwoven with the federal law." *See Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). It is interwoven with federal law if "application of the procedural bar depend[s] on an antecedent ruling on federal law," such as the determination whether federal constitutional error has been committed. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). For a state ground to be found adequate, the procedural rule must have been consistently and regularly applied at the time of the default. *Johnson v. Mississippi*, 486 U.S. 578, 589 (1988); *see also Calderon*, 96 F.3d at 1129 (state rule is adequate if it is "clear, consistently applied, and well-established" at the time of the default).

There is one exception to the general rule that bars review of federal claims which were procedurally defaulted in state court. If a prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged federal violation, or that failure to consider the claims will result in a fundamental miscarriage of justice, the claims may still be reviewed. *Coleman*, 501 U.S. at 750.

Since procedural default is an affirmative defense, respondent bears the burden of pleading and proving that the state procedural bar is adequate and independent while petitioner

4

bears the interim burden of placing the adequacy of the defense at issue. *See Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003). Here, respondent met his initial burden by pleading in his answer that the state procedural bar was independent and adequate to support judgment. Petitioner, however, did not file a traverse or otherwise respond with specific allegations regarding the reasons for his default or the adequacy of the state procedural bar. Thus, petitioner has failed to satisfy his interim burden under the rule set forth in *Bennett*. *See generally King v. Lamarque*, 464 F.3d 963, 967 (9th Cir. 2006) ("*Bennett* requires the petitioner to 'place [the procedural default] defense in issue" to shift the burden back to the government").

Respondent, however, bears the ultimate burden of proving that state procedural default bars federal review. In order to bar federal habeas corpus review, the state procedural rule must have also been actually relied on, clearly and expressly, in the state court order in question. *Coleman*, 501 U.S. at 735. "[A] procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review." *Valerio v. Crawford*, 306 F.3d 742, 774 (9th Cir. 2002) (quoting *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996). For example, if a state court order cites two different rules and fails to specify which rule applies to which claims, that order is not sufficiently clear to bar federal habeas corpus review. *See generally Coleman*, 501 U.S. at 735; *see also Valerio*, 306 F.3d at 774-75 ("By failing to specify which claims were barred for which reasons, the Nevada Supreme Court did not clearly and expressly rely on an independent and adequate state ground.") (internal quotation omitted). In this case, the superior court order is somewhat ambiguous as to whether it was actually relying on the procedural bar to deny all of petitioner's claims. The order in question reads as follows:

> IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is **denied** for the reasons indicated.
>
> **REASON:** By this writ for habeas corpus, Petitioner complains that the Department of Corrections did not appoint an attorney to represent him during his disciplinary hearing and further, did not allow him any witnesses at the disciplinary hearing. Petitioner

>further asserts that undue force has been used against him and for this, he is entitled to damages.
>
>Petitioner has made no showing that he has proceeded with and/or exhausted his administrative remedies. Petitioner must set forth the facts supporting the allegations in the petition with particularity. Vague or conclusionary allegations do not warrant habeas relief. People v. Duvall (1995) 9 C.4th 464, 474.
>
>For the reasons indicated, the court finds that the petition for habeas corpus relief must be denied. Petitioner has failed to exhaust his administrative remedies. See In re Muszalski (1975) 52 C.A.3d 500. Moreover, the petition fails to reveal sufficient facts to establish a prima facie case for relief. People v. Jackson (1980) 28 C.3d 264, 296.
>
>The petition is therefore denied as to all issues raised.

(*In re Michael Davis*, No. SF 083969A, Sup. Ct. of Cal., County of San Joaquin, April 3, 2002.)

The state court gave two different reasons for denying petitioner's claims. Each reason appeared to apply equally to both of petitioner's claims. But the order is somewhat ambiguous because it does not "specify which claims are barred for which reasons." *Coleman*, 501 U.S. at 735. Due to the wording of the superior court order, the possibility exists that the state court actually relied on petitioner's failure to state a prima facie case to deny one or more of petitioner's claims.

When a federal habeas corpus petition presents both a question of procedural default and a merits issue, the procedural bar question should ordinarily be considered first. Where the procedural issue presents complicated issues of law, however, and the merits question is easily resolvable against the petitioner, judicial economy counsels giving the merits question priority. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Accordingly, the merits of petitioner's procedural due process issue will be considered.

B.   Petitioner's Disciplinary Proceeding and Due Process

Even assuming, arguendo, that petitioner's claims are not procedurally barred in this court, their merits do not warrant federal habeas corpus relief.

/////

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits state action that "deprive[s] any person of life, liberty, or property without due process of law." The United States Constitution does not guarantee good time credits to prison inmates. If a state provides a statutory right to such credits and "specifies that it is to be forfeited only for serious misbehavior," however, the prisoner's interest in those credits takes on "real substance" and is "sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557. California has created such a statutory scheme. *See* 15 Cal. Code Regs. §3043. Consequently, California prison inmates have a statutorily created liberty interest in good time credits and minimum due process procedural protections must be provided before those credits may be revoked.

Where a protected liberty interest exists, the requirements imposed by the Due Process Clause are "dependent upon the particular situation being examined" and will vary accordingly. *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). The Supreme Court has recognized that "[l]awful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a 'retraction justified by the considerations underlying our penal system.'" *Wolff*, 418 U.S. at 555. In identifying the procedural safeguards required in the prison context, courts must remember "the legitimate institutional needs of assuring the safety of inmates and prisoners" and avoid "burdensome administrative requirements that might be susceptible to manipulation." *Hill*, 472 U.S. at 454-55. Thus, the requirements of due process necessarily involve a balancing of inmate rights and institutional security concerns, with a recognition that broad discretion must be accorded to prison officials. *Wolff*, 418 U.S. at 560-63.

Inmates subject to disciplinary action are not guaranteed the full panoply of rights afforded to criminal defendants under the Due Process Clause, but they are still entitled to certain procedural protections. *Id*. at 556-558 (1974); *Superintendent v. Hill*, 472 U.S. 445, 455-56

7

(1985). When a disciplinary proceeding results in the loss of good time credits guaranteed under a state statutory scheme, an inmate must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Hill*, 445 U.S. at 454 (citing *Wolff*, 418 U.S. at 563-67). Where the charges are complex and it is unlikely that the inmate will be able to collect and present relevant evidence, he may additionally be entitled to the assistance of another inmate or, ir that is prohibited, a staff member. *Wolff*, 418 U.S. at 563. Finally, the disposition of a disciplinary hearing must be supported by "some evidence" in the record. *Hill*, 472 U.S. at 455.

Here, petitioner complains only that he was denied his right to call witnesses and his right to have the assistance of a staff member. According to the Rules Violation Report ("RVR"), petitioner made a request to have the reporting employee testify. His request was granted. Petitioner does not identify any other witness requests he made which were allegedly denied. In his petition to the state superior court, petitioner alleged more specifically that he was denied his right "to have inmate present as witness," but did not otherwise identify the potential witness.

With respect to petitioner's allegation that he was denied the assistance of a staff member, Supreme Court precedent clearly establishes only that such assistance is required in "complex" cases. *See Wolff*, 418 U.S. at 563. Here, the RVR reflects that an investigative employee *was* appointed to help petitioner collect and review evidence. Petitioner does not explain how he was allegedly denied his "right" to staff assistance in the face of this evidence.

It is the habeas corpus petitioner's burden to show he is in custody in violation of the Constitution. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). Petitioner has not met this burden. The conclusory allegations in the amended petition do not sate a valid due process violation, because specific allegations of fact are required. *See Brown v. Allen*, 344 U.S. 443,

458, n.6 (1953) (overruled on other grounds); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th cir. 1970) ("conclusory statements are no substitute for proper allegations of fact").  Petitioner has failed to state a valid claim for a due process violation in connection with the disciplinary proceeding in question.

## VI.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 12, 2010

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE